Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM SMITH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-222 |
| ) | |
| CDI AFFILIATED SERVICES, INC., ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | <u>Jury Demanded</u> |

## COMPLAINT

NOW COMES the Plaintiff Adam Smith, by and through his counsel, Ryan A. Ballard Law, PLLC, and brings this action against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

3. Plaintiff Adam Smith is a natural person residing in Ada County, Idaho, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Style, Inc. training contract. Plaintiff is thus a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

4. Defendant CDI Affiliated Services, Inc. ("CDI") is an Idaho corporation with its principal place of business at 1451 Hartman Street, Boise, Idaho 83711. (Exhibit A, Record from the Idaho Secretary of State).

5. CDI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. CDI regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a defaulted Style, Inc. training account ("alleged debt").

8. Style, Inc., is a training company with which Plaintiff created an agreement for training services as an investment for Plaintiff to gain skills and knowledge. The alleged debt is thus a "debt" as that term is defined by § 1962a(5) of the FDCPA. *See Smith v. Progressive Financial Services, Inc.*, No. 6:12-cv-1704-MC, 2013 WL 3995004 at *3 (D. Or. Aug. 1, 2013); *see also Felty, Jr., et al., v. Driver Solutions, LLC, et al.*, 1:13-cv-2818, 2013 WL 585712 at *3 (N.D. Ill. Oct. 30, 2013) (declining to dismiss FDCPA claim on the contention that a training program was a business debt and not a personal debt).

9. The agreement between Plaintiff and Style, Inc. creates a principal amount of $1,750, and an interest rate of 24% ("Contract"). (Exhibit B, Training and Promotional Tools Contract).

10. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. Style, Inc. subsequently retained, hired or otherwise assigned the alleged debt to CDI for collection.

12. On or about April 28, 2015, CDI mailed a collection letter ("Letter") to Plaintiff. (Exhibit C, Collection Letter).

13. The Letter conveyed information about the alleged debt, including an account number, the identity of the original creditor and a balance.

14. The Letter was thus a communication as that term is defined by § 1692a(2) of the FDCPA.

15. The Letter states a Total Principle [sic] of $2,555.00, and Total Interest of $42.00.

16. The Letter then goes on to state the balance of the alleged debt as $2,600.45, an amount $3.45 higher than the amount of principal and interest alleged.

17. CDI had no statutory or contractual right to collect an additional $3.45 on the alleged debt.

18. Further, the principal owed on the alleged debt was $1,750, not $2,555 as CDI claimed. (Ex. C, Letter).

19. In fact, $700 of the alleged principal was actually a 40% collection fee assessed by CDI. (Ex. C, back of Letter).

20. A further $105 dollars added to principal is not explained at all by CDI.

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (2) The false representation of—

    (A) the character, amount, or legal status of any debt. . . .

. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

22. CDI misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A) when it alleged as principal an amount containing collection fees and interest.

23. CDI misrepresented the amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A) when it alleged a Total Due in excess of the actual amount owed on the alleged debt.

24. 15 U.S.C. § 1692f of the FDCPA provides as follows:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .

25. CDI attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $3.45 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

26. Defendant's debt collection activity is to be interpreted under the "least sophisticated consumer" standard. *Donohue v. Quick Collect, Inc.*, 592 F. 3d 1027, 1030 (9th Cir. 2010).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff incorporates the above paragraphs as if set forth fully in this count.

28. CDI misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A) when it alleged as principal an amount containing collection fees and interest.

29. CDI misrepresented the amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A) when it alleged a Total Due in excess of the actual balance asserted on the alleged debt.

30. CDI attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $3.45 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

31. Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: June 24, 2015

s/ Ryan A. Ballard  
Ryan A. Ballard  
Ballard Law, PLLC